1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHRISTOPHER K. PRATER,

11          Plaintiff,                    No. CIV S-07-2504 LEW EFB P

12     vs.

13   PRISON INDUSTRY
     AUTHORITY, et al.,
14
            Defendants.              ORDER
15
     _____/
16

17          Plaintiff is a state prisoner without counsel suing for alleged civil rights violations.  *See*

18   42 U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  The case was referred to this

19   court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).  For the reasons explained below,

20   the court grants plaintiff's request for leave to proceed *in forma pauperis*, dismisses the

21   complaint with leave to amend and denies the motion for summary judgment.

22          Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

23          Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C.

24   § 1914(a).  Plaintiff must make monthly payments of 20 percent of the preceding month's

25   income credited to his trust account.  28 U.S.C. § 1915(b)(2).  The agency having custody of

26   ////

1

1   plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the

2   amount in the account exceeds $10 until the filing fee is paid.

3        The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and, for the

4   reasons explained below, finds it does not state a cognizable claim against any defendant.

5        Plaintiff purports to sue the Prison Industry Authority and various of its employees.

6   Plaintiff alleges that he has been issued unjustified disciplinary reports, has suffered

7   discrimination and has been subjected to a hostile work environment.  Compl., at 3-4.  He alleges

8   that there are no "checks and balances" to ensure that civilian staff do not violate his rights.  *Id*.,

9   at 5.  Section 1983 of Title 42 of the United States Code creates a cause of action against persons

10  who deprive any individual of a right secured to him by the Constitution or laws of the United

11  States while acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  Neither

12  states nor their agencies are persons under § 1983.  *Will v. Michigan Dep't of State Police*, 491

13  U.S. 58, 71 (1989).  The Prison Industry Authority is an entity within the Department of

14  Corrections and Rehabilitation, which is a state agency.  Cal. Pen. Code §§ 2800, 5002, 5003

15  (West Supp. 2007).  Therefore, plaintiff cannot maintain this action against the Prison Industry

16  Authority.

17       Plaintiff's allegations seem to implicate his rights under the Eighth, First and Fourteenth

18  Amendments.  To state a claim that the conditions of  imprisonment violate the Eighth

19  Amendment prohibition on cruel and unusual punishment, plaintiff must allege a specific

20  individual was deliberately indifferent to some basic human need such as food, clothing, shelter,

21  medical care or safety.  *See  Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Rhodes v. Chapman*,

22  452 U.S. 337, 347 (1981).  A prison official is deliberately indifferent when he knows of and

23  disregards a risk of injury or harm that "is not one that today's society chooses to tolerate."  *See*

24  *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

25  Insofar as plaintiff intends to claim that the individual defendants violated the Due Process

26  Clause of the Fourteenth Amendment, he must allege a defendant denied plaintiff a specific right

2

1   protected by the federal constitution without procedures required by the constitution to ensure

2   fairness, or deliberately abused his power without any reasonable justification in aid of any

3   government interest or objective and only to oppress in a way that shocks the conscience.

4   *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995); *Daniels v. Williams*, 474 U.S. 327, 31 (1986);

5   *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972).   In a disciplinary

6   proceeding where a liberty interest is at stake, due process requires prison officials to give

7   advance written notice of the charges, make written findings and reasons for the disciplinary

8   action taken and, when it presents no security risk, permit the prisoner to call witnesses and

9   present evidence in his defense.   *Wolff v. McDonnell*, 418 U.S. 539, 563-566 (1974).   If,

10  however, plaintiff intends to sue on the ground that defendants retaliated against him, he must

11  allege that on a specified date an individual state actor took adverse action against plaintiff for

12  his engagement in a constitutionally protected activity and the adverse action chilled plaintiff's

13  exercise of his rights and did not reasonably advance a legitimate penological goal.   *Rhodes*, 408

14  F.3d at 567-68;   *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985).

15          Plaintiff's allegations fail to state a claim under any of these theories.   Thus, to proceed

16  with this action, plaintiff must file an amended complaint.   Since plaintiff has not stated any

17  claims, he has no basis for obtaining judgment as a matter of law.   Thus, the court must deny

18  plaintiff's motion for summary judgment.

19          If plaintiff chooses to file an amended complaint, any such pleading must show that the

20  federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff

21  is entitled to relief if plaintiff's allegations are true, and must contain a request for particular

22  relief.   Plaintiff must identify as a defendant only persons who personally participated in a

23  substantial way in depriving plaintiff of a federal constitutional right.   *Johnson v. Duffy*, 588

24  F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional

25  right if he does an act, participates in another's act or omits to perform an act he is legally

26  required to do that causes the alleged deprivation).   If plaintiff contends he was the victim of a

1    conspiracy, he must identify the participants and allege their agreement to deprive him of a

2    specific federal constitutional right.

3           In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

4    R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

5    Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

6    occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

7           The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

8    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

9    heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

10   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

11   set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema*

12   *N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

13   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff

14   must not include any preambles, introductions, argument, speeches, explanations, stories,

15   griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.

16   *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint

17   for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998)

18   (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

19   prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

20   pleading within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including

21   many defendants with unexplained, tenuous or implausible connection to the alleged

22   constitutional injury or joining a series of unrelated claims against many defendants very likely

23   will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

24   plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

25          A district court must construe pro se pleading "liberally" to determine if it states a claim

26   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

4

1   opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

2   the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

3   the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*

4   *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

5          An amended complaint must be complete in itself without reference to any prior

6   pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

7   files an amended complaint, the original pleading is superseded.

8          By signing an amended complaint he certifies he has made reasonable inquiry and has

9   evidentiary support for his allegations and that for violation of this rule the court may impose

10  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules

11  require plaintiff to obey all laws, including this one, and plaintiff maybe punished by prison

12  authorities for violation of the court's rules and orders.  *See* 15 Cal. Admin. Code § 3005.

13         A prisoner may bring no § 1983 action until he has exhausted such administrative

14  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

15  *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint he certifies his claims

16  are warranted by existing law, including the law that he exhaust administrative remedies, and

17  that for violation of this rule plaintiff risks dismissal of his action.

18         Accordingly, the court hereby orders that:

19         1.  Plaintiff's request to proceed *in forma pauperis* is granted.

20         2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

21  accordance with the notice to the Director of the California Department of Corrections and

22  Rehabilitation filed concurrently herewith.

23         3.  Plaintiff's January 4, 2008, motion for summary judgment is denied.

24         4.  The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an

25  original and one copy of the amended complaint, which must bear the docket number assigned to

26  this case and be titled "First Amended Complaint."  Failure to file an amended complaint will

5

1 result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files

2 an amended complaint stating a cognizable claim the court will proceed with service of process

3 by the United States Marshal.

4 Dated:  April 2, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6