IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER K. PRATER,

    Plaintiff,                             No. CIV S-07-2504 JAM EFB P

    vs.

PRISON INDUSTRY AUTHORITY, et al.,

    Defendants.            <u>ORDER AND</u>
                                        <u>FINDINGS AND RECOMMENDATIONS</u>
_____/

        Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On April 2, 2008, the court dismissed plaintiff's complaint with leave to amend. He filed a first amended complaint on April 14, 2008. The court has reviewed that amended complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim against Eric Strand for subjecting plaintiff to unconstitutional conditions of confinement. *See* 28 U.S.C. § 1915A.

        For the reasons stated below, the court finds that the complaint does not state a cognizable claim against the Prison Industry Authority, Colin Martin, Russell Larsen, Sam Osuna, Russell Griffith or Carl Jorgensen. Claims against Sam Osuna, Russell Griffith, Carl Jorgensen, Colin Martin and Russell Larsen are dismissed with leave to amend. The undersigned recommends that claims against the Prison Industry Authority be dismissed with

1

prejudice.

Plaintiff may proceed forthwith to serve defendant Eric Strand and pursue his claims against only those defendants or he may delay serving any defendant and attempt [again] to state a cognizable claim against defendants Sam Osuna, Russell Griffith and Carl Jorgensen.

Plaintiff makes no specific allegations against Colin Martin or Russell Larsen. The court therefore concludes that plaintiff no longer believes he has a cause of action against them. Plaintiff alleges that Sam Osuna, Carl Jorgensen, Russell Griffith retaliated against him by conspiring to remove plaintiff from his job. With respect to the conspiracy, he alleges that Osuna and Griffith had a conversation in which Osuna referred to plaintiff as being lazy and having poor work habits. In order to state a claim that he was a victim of a conspiracy, plaintiff must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity about the agreement and an act in furtherance of the conspiracy is insufficient. *See Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 626 (9th Cir. 1988). As explained in the April 2, 2008, order, to state a claim for retaliation, plaintiff must allege that on a specified date an individual state actor took adverse action against plaintiff for his engagement in a constitutionally protected activity and the adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985).

The complaint is insufficient for the court to direct service of process against Sam Osuna, Russell Griffith, Carl Jorgensen, Colin Martin or Russell Larsen. Claims against these defendants must be dismissed without prejudice.

Plaintiff makes no factual allegations against the Prison Industry Authority. Thus, it appears he has abandoned any attempt to pursue claims against this agency. As explained in the April 2, 2008, order, plaintiff cannot state any claim under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). By

abandoning these claims, plaintiff merely is obeying the court's earlier order. This defendant therefore must be dismissed with prejudice.

If plaintiff elects to amend his complaint in an attempt to state a cognizable claim against defendants Sam Osuna, Russell Griffith, Carl Jorgensen, Colin Martin and Russell Larsen he has 30 days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendant Eric Strand, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Sam Osuna, Russell Griffith, Carl Jorgensen, Colin Martin and Russell Larsen without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule

9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a second amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

4

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendant Eric Strand.

Accordingly, it hereby is ORDERED that:

1. Claims against defendants Sam Osuna, Russell Griffith, Carl Jorgensen, Colin Martin and Russell Larsen are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

2. The allegations in the pleading are sufficient at least to state cognizable claims against defendant Eric Strand. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed April 14, 2008, one USM-285 form and instructions for service of process on defendant Eric Strand. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and two copies of the endorsed April 14, 2008, complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendant Eric Strand will be required to respond to

plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Sam Osuna, Russell Griffith, Carl Jorgensen, Colin Martin and Russell Larsen without prejudice.

Further, it is RECOMMENDED that the Prison Industry Authority be dismissed from this action with prejudice.  *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 29, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER K. PRATER,

   Plaintiff,      No. CIV S-07-2504 LEW EFB P

  vs.

PRISON INDUSTRY AUTHORITY,
et al.,

   Defendants.     <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

  Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

   <u>  1  </u>  completed summons form

   <u>  1  </u>  completed form USM-285

   <u>  2  </u>  copies of the <u>  April 14, 2008  </u>
              First Amended Complaint

Dated:

              _____
                 Plaintiff

7