IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER K. PRATER,

    Plaintiff,                    No. CIV S-07-2504 JAM EFB P

    vs.

ERIC STRAND,

    Defendant.                  FINDINGS AND RECOMMENDATIONS

                            /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that defendant Strand violated his Eighth Amendment rights by sexually harassing him on August 28, 2007. Currently under consideration is defendant's April 3, 2009, motion to dismiss this action on the ground that plaintiff failed to exhaust the available administrative remedies.[1] For the reasons stated below, the court finds that defendant's motion to dismiss must be granted.

////

////

---

[1] Plaintiff originally brought this action against seven defendants. In the course of this action, the court has dismissed claims against all defendants except defendant Strand. *See* Dckt. Nos. 33, 46.

1

**I.     Facts**

In the verified amended complaint, plaintiff alleges that while he was confined at Folsom State Prison ("FSP"), he worked for the Prison Industry Authority ("PIA") and defendant Eric Strand was his supervisor. Am. Compl., at 3. Plaintiff claims that on August 28, 2007, Strand subjected him to sexual harassment while in a storage room. *Id.* Allegedly, plaintiff told Strand never to "do that [stuff] to me." *Id.* Shortly thereafter, plaintiff touched Strand's hand while asking about a raise. *Id.*, Ex. B, at 1. Strand told plaintiff never to touch him and called officers to his assistance. *Id.* The officers approached plaintiff with their batons raised, apparently prepared for a physical confrontation with plaintiff. *Id.* Plaintiff was charged with battery on a non-peace officer. *Id.* Following an October 2, 2007, disciplinary hearing, plaintiff was found guilty as charged. Am. Compl., Ex. A, at 1, 5.

Defendant has submitted evidence that plaintiff filed a grievance, designated Grievance Log No. 07-1044, in which he mentioned the August 28, 2007 incident with defendant Strand.[2] Def.'s Mot. to Dism., Casey Decl., Ex. 1 at p. 1. In his appeal on that grievance plaintiff challenged the disciplinary conviction of October 2, 2007. *Id.* In particular, he alleged that he was resting while the "leadman" went to the bathroom. *Id.* Seeing that plaintiff was idle, defendant Strand approached and asked plaintiff what he was doing. Plaintiff responded by pointing to about 60 sheets of ten gauge metal that had been cut and explaining that he was working on door panels. *Id.* at 1, 4. Strand directed plaintiff to clean up the work area. Plaintiff then allegedly touched Strand's wrist, "in a friendly gesture," and asked Strand about a raise. *Id.*

---

[2] Plaintiff attached several grievances to his amended complaint all of which were filed filed before the incident of August 28, 2007, which is in issue here. None bear on the instant motion. Grievance Log No. 06-1658, filed November 19, 2006, and Grievance Log No. 07-0005, filed December 13, 2006, complained about the conduct of defendants who have already been dismissed from this action. Am. Compl., Ex. C, at 11 and 1, respectively. Grievance Log No. 07-0755, filed 9, 2007, challenged the finding of guilt on a rules violation report not involved here. Am. Compl., Ex. C, at 14-16. None of these grievances are related to plaintiff's claim against Strand and they do not bear on the question of whether plaintiff exhausted the available administrative remedies with respect to his claim against defendant Strand.

Strand became angry, and yelled at plaintiff telling him not to touch him. *Id.* About twenty minutes later, guards approached plaintiff aggressively with batons. *Id.* Significantly, the appeal does not contain any allegation that Strand subjected sexual harassed plaintiff. Neither did plaintiff mention the Strand incident in any subsequent appeal. Rather, the administrative appeal focused on plaintiff's appeal of the charge against him. As relief, plaintiff requested that the disciplinary conviction be removed from his file and that it be replaced with a different form containing a reprimand because plaintiff "was unaware that he could not touch any staff, no matter how brief." *Id.*, at 1.

Prison officials bypassed the informal and first formal levels of review. They initially considered this grievance on the second level of review. *Id.* at 4. They denied the appeal in a memorandum that stated, "the appellant is advised that this issue may be submitted for a Director's Level of Review if desired." *Id.*

Defendant asserts that prison officials have searched databases maintained by the California Department of Corrections and Rehabilitation have not found any appeal by plaintiff accusing him of sexual harassment. Casey Decl., ¶ 4; Def.'s Mot. to Dism., Grannis Decl., ¶ 3, 4. One official states that he throughly searched FSP appeal records and found no appeal on the first or second levels in which plaintiff alleges that Strand sexually harassed him. *Id.* ¶ 5. The other official states that she searched records maintained by the California Department of Corrections and Rehabilitation and found no such appeal on the Director's Level of Review complaining that Strand sexually harassed plaintiff. Grannis Decl., ¶ 3, 4.

**II.     Legal Standards**

    **A. Motion to Dismiss for Failure to Exhaust**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and

unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*." (citation omitted)). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198.

The failure to exhaust nonjudicial administrative remedies as required by § 1997e(a) is not jurisdictional. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003). Nor does § 1997e(a) require a plaintiff to plead exhaustion. *Id.* at 1119. Rather, "§ 1997e(a) creates a defense – defendants have the burden of raising and proving the absence of exhaustion." *Id.* The Ninth Circuit determined in *Wyatt* that because the defense of failure to exhaust "is not on the merits" and summary judgment "is on the merits," the defense should be treated as a matter in abatement[3] to be resolved pursuant to a motion made under "unenumerated Rule 12(b)." *Id.*

---

[3] A "matter in abatement" is "the suspension or defeat of an action for a reason unrelated to the merits of the claim." *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005). It has its roots in the common-law "plea in abatement," abolished by Fed. R. Civ. P. 7(c). Rule 7 "unceremoniously abolishes a great deal of ancient procedural dogma that has little place in a streamlined litigation system," Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: Civil 3d § 1181, including pleas in abatement. *Black's Law Dictionary* 4 (6th ed. 1990). The "plea in abatement" is an archaic common law "plea which, without disputing merits of plaintiff's claim, objects to place, mode or time of asserting it. It allows plaintiff to renew suit in another place or form, or at another time, and does not assume to answer an action on its merits, or deny existence of a particular cause of action on which plaintiff relies." *Black's Law Dictionary* 1151 (6th ed. 1990). The Advisory Committee Notes to Rule 7(c) state that all statutes using the word "plea" are "modified in form by this rule." Thus, for example, the Revision Notes to 28 U.S.C. § 2105 (West 2006), which prohibits reversal of a District Court's ruling on non-jurisdictional "matters in abatement" in the Supreme Court and Circuit Courts of Appeals states, "Rule7(c) of the Federal Rules of Civil Procedure abolished all pleas, and the rules adopted the motion as a substitute therefor. The words 'matters in abatement' were, therefore substituted for the abolished 'plea in abatement' and 'plea to the jurisdiction.'" Modernly, a party makes a motion under Rule 12 or Rule 41, as appropriate, instead of making a

1  The Circuit stated that "[i]n deciding a motion to dismiss for a failure to exhaust nonjudicial
2  remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at
3  1119-20.
4  The United States Supreme Court stated in *Jones v. Bock*, 549 U.S. 199, 216 (2007), that
5  failure to exhaust under the PLRA is an affirmative defense. It also stated that if the affirmative
6  defense can be decided on the pleadings alone, a motion under Rule 12(b)(6) is appropriate. *Id.*
7  at 215. The Court analogized to a motion to dismiss based on a statute limitations defense and
8  stated:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8©. Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Id*.

But, even when they are not addressed to the merits those affirmative defenses that require the presentation of evidence outside the pleadings (which includes the defense of failure to exhaust as required by 42 U.S.C. § 1997e(a)) must be addressed under standards that apply the procedural safeguards of Rule 56, so that disputed material factual issues and the credibility of conflicting witnesses are resolved through live testimony and not on paper.[4] Fed. R. Civ. P.

---

plea in abatement. *See Black's Law Dictionary* 4, 1151-1152 (6th ed. 1990) ("abatement of action," and "plea in abatement").

[4] As discussed above, the reasoning in *Wyatt* for adhering to Rule 12(b) appears to have been that frequently a motion for "summary judgment is on the merits," and a failure to exhaust is independent of the substantive claims before the court. *Wyatt*, 315 F.3d at 1119. But, a motion asserting an affirmative defense, even when it does not address the merits of the substantive claims, must be brought under Rule 56 if the motion relies upon matters extrinsic to the complaint to establish the factual predicate for the defense. Motions challenging exhaustion of administrative remedies frequently rely on declarations and exhibits that are extrinsic to the complaint.

12(d) (where a party presents affidavits or other matters outside the pleadings in support of its motion, the court must treat the motion "as one for summary judgment under Rule 56"), 56(b); *Panero v. City of North Las Vegas*, 432 F.3d 949, 952 (9th Cir. 2005).[5]  The Court in *Jones* made clear that, "beyond the departures specified by the PLRA itself," nothing in the PLRA suggests that usual procedural practices should not be followed and noted that departures from the usual procedural requirements are to be expressly made by Congress.  *Jones*, 549 U.S. at 212, 214-16  Additionally, the Ninth Circuit recognized in *Wyatt* that when the district court looks beyond the pleadings to a factual record, which commonly occurs in deciding an exhaustion motion, the court must do so under "a procedure closely analogous to summary judgment."  *Wyatt*, 315 F.3d at 1119, n.14.

Thus, whether a motion asserting an affirmative defense such as failure to exhaust may be raised under Rule 12 or Rule 56 is not determined by whether the defense asserted in the motion goes to the "merits" of the claim.  Whether judgment is sought on the merits or whether the motion seeks to bar consideration of the merits based on a technical ground that precludes reaching the merits (i.e., exhaustion, claim or issue preclusion, a statute of limitations, etc.), the determining factor is whether the factual predicate for the motion is based on the text of the pleading or instead depends upon evidence submitted with the motion.  *See Jones*, 549 U.S. at 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as

---

[5] Several other Circuits have applied summary judgment principles when the defense of failure to exhaust cannot be decided on the pleadings.  *See Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (addressing exhaustion at summary judgment); *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (reversing grant of summary judgment on exhaustion and remanding for further proceedings); *Hinojosa v. Johnson*, 277 Fed. Appx. 370, 379-80 (5th Cir. May 1, 2008) (addressing exhaustion at summary judgment); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001) (reviewing evidence elicited at trial as to whether prisoner exhausted available remedies); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) (addressing exhaustion at summary judgment); *but see Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008) (finding that PLRA exhaustion should be treated as a matter in abatement and should be decided on a Rule 12(b) motion, even when factual disputes exist); *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (rejecting the summary judgment and the Rule 12(b) approaches to PLRA exhaustion and instead determining that once a PLRA exhaustion defense is raised, a special evidentiary hearing should be held to address that defense before litigation on the merits proceeds).

1  true, show the plaintiff is not entitled to relief.").

2  Here, defendant's motion necessarily requires the court to consider the affidavits and
3  exhibits presented for the purpose of proving the absence of exhaustion. Notwithstanding the
4  analysis above, the court recognizes that under *Wyatt* the instant motion is to be presented as an
5  "unenumerated" Rule 12(b) motion to dismiss. However, the court analyzes the motion, as
6  *Wyatt* suggests, under a standard "closely analogous to summary judgment." 315 F.3d at 119,
7  n.15. If, under that standard, the court concludes that the prisoner has failed to exhaust
8  administrative remedies, the proper remedy is dismissal without prejudice. *Id.* at 1119-20.

**B.  Summary Judgment Standards**

Under Rule 56, resolution of the exhaustion issue in favor of defendants is appropriate when it is demonstrated that there is "no genuine issue as to any material fact" over the question. Fed. R. Civ. P. 56©. The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to"'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir.2001) (*en banc*). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986);  *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir.1995).

For the opposing party to establish a genuine issue of fact the factual dispute must meet two requirements. First, the dispute must be over a fact(s) that is material, i.e. one that makes a difference in the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 248 ("Only

7

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law, which here involves the question of whether plaintiff has met the exhaustion requirement. *Id. (*"As to materiality, the substantive law will identify which facts are material.")

Second, the dispute must be genuine. In this regard, the court must focus on which party bears the burden of proof on the factual dispute in question. Where the opposing party bears the burden of proof on the issue in dispute, conclusory allegations, unsupported by factual material, are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the record relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252. If the evidence presented could not support a judgment in that party's favor, there is no genuine issue. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. at 323.

Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that affects the outcome of the case.

On May 14, 2008, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies as well as a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

////

////

////

**C. Exhaustion Under California Law**

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).

To initiate the process, an inmate must fill out a simple form, Dept. of Corrections, Inmate/Parolee Appeal Form, CDC 602 (12/87) (hereinafter Form 602), that is made "readily available to all inmates." Cal. Code Regs. tit. 15, § 3084.1© (2004). The inmate must fill out two parts of the form: part A, which is labeled "Describe Problem," and part B, which is labeled "Action Requested." Then, as explained on Form 602 itself, the prisoner "must first informally seek relief through discussion with the appropriate staff member." [] The staff member fills in part C of Form 602 under the heading "Staff Response" and then returns the form to the inmate.

If the prisoner is dissatisfied with the result of the informal review, or if informal review is waived by the State, the inmate may pursue a three-step review process. *See* Cal. Code Regs. tit. 15, §§ 3084.5(b)-(d). Although California labels this three-step process "formal" review (apparently to distinguish this process from the prior step), the three-step process is relatively simple. At the first level, the prisoner must fill in part D of Form 602, which states: "If you are dissatisfied, explain below." [] The inmate then must submit the form, together with a few other documents, to the Appeals Coordinator within 15 working days-three weeks-of the action taken. *Id*., § 3084.6©. This level may be bypassed by the Appeals Coordinator in certain circumstances. *Id*., § 3084.5(b). Within 15 work-days after an inmate submits an appeal, the reviewer must inform the inmate of the outcome by completing part E of Form 602 and returning the form to the inmate.

If the prisoner receives an adverse determination at this first level, or if this level is bypassed, the inmate may proceed to the second level of review conducted by the warden. *Id*., §§ 3084.5(c), (e)(1). The inmate does this by filling in part F of Form 602 and submitting the form within fifteen work-days of the prior decision. Within ten working days thereafter, the

reviewer provides a decision on a letter that is attached to the form.  If the prisoner's claim is again denied or the prisoner otherwise is dissatisfied with the result, the prisoner must explain the basis for his or her dissatisfaction on part H of the form and mail the form to the Director of the California Department of Corrections and Rehabilitation within 15 working days.  *Id*., § 3084.5(e)(2).  An inmate's appeal may be rejected where "[t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints."  *Id*., § 3084.3(c)(6).  *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006).  Generally, completion of the third level, the Director's Level of Review, exhausts the remedy.  Cal. Code Regs. tit. 15, § 3084.1(a).  All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal.  *McKinney*, 311 F.3d at 1200.  The claim must be properly exhausted; therefore, an untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the exhaustion requirement.  *Woodford*, 548 U.S. at 83-84.

**IV.    Analysis**

Defendant argues that this action must be dismissed because plaintiff failed to exhaust available administrative remedies.  He asserts that plaintiff did not submit any appeals at the Director's Level which alleged that Strand had sexually harassed him on August 28, 2007.  Plaintiff concedes this fact.  *See* Pl.'s Opp'n, at 2.  Instead of arguing that he exhausted pursuant to 42 U.S.C. § 1997e(a), he argues raising the issue would have been futile .  *Id*.  His claim of futility is unexplained.  He simply asserts, without authority, that the allegations raised here against Strand "could not have been corrected via the inmate appeal process. . . ."  *Id.* [6]

////

////

---

[6] Furthermore, it is clear that plaintiff's grievance did not adequately notify prison officials of the problem he had with defendant Strand.  He did not mention that Strand subjected him to sexual harassment.  Casey Decl., Ex. 1 at p. 1.

10

1    Exhaustion of the prison's administrative appeal process is not optional. It is mandatory
2 and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d
3 1198, 1200 (9th Cir. 2002). Thus, a prisoner may not forego exhaustion simply because he
4 believes it would be futile. The court is mindful that "exhaustion allows prison officials an
5 opportunity to resolve disputes concerning the exercise of their responsibilities before being
6 haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007) (emphasis added); *Woodford v. Ngo*,
7 548 U.S. 81, 95 (2006) (The benefits of exhaustion can be realized only if the prison grievance
8 system is given a fair opportunity to consider the grievance."). It is for prison officials to
9 determine whether redress may or may not be had. *See Brown v. Valoff*, 422 F.3d 926, 935 (9th
10 Cir. 2004) (holding that "a prisoner need not press on to exhaust further levels of review once he
11 has either received all 'available' remedies at an intermediate level of review or *been reliably
12 informed by an administrator that no remedies are available.*") (emphasis added).

13    Plaintiff contends that exhaustion here would have been futile due to the "sensitive"
14 nature of the problem. Presumably, he means to stay that sexual harassment cannot be redressed
15 through the grievance process. However, he does not cite, and the court has not found, any
16 authority for the proposition that prisoners need not appeal especially sensitive problems, such as
17 sexual harassment. Furthermore, there is no evidence that any prison official told plaintiff that
18 he did not have to appeal problems involving sexual harassment. Thus, it appears that plaintiff
19 simply omitted this allegation from the appeal based on his unsupported belief that complaining
20 to prison officials about the incident of August 28, 2007, would have served no useful purpose.
21 This is not a basis for excusing the exhaustion requirement.

22 **V.    Conclusion**

23    For the reasons explained above, the court finds that defendant Strand has satisfied his
24 burden of demonstrating that the plaintiff did not exhaust the available administrative remedies
25 with respect to plaintiff's claim that Strand sexually harassed him on August 28, 2007.
26 Therefore, defendant's motion to dismiss must be granted and this action must be dismissed

1  without prejudice.

2  Accordingly, it is hereby RECOMMENDED that:

3  1. Defendant's February 3, 2009, motion to dismiss plaintiff's complaint be granted;

4  2. This action be dismissed without prejudice; and,

5  3. The Clerk of the Court be directed to enter judgment and close the file.

6  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 15, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

12